IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE

2013 JAN -8 A 9: 29

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON SC

| | |
|---|---|
| Jaquan Chisholm, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:12-879-SB |
| v. ) | |
| ) | |
| Sherry Bold Knight and Major ) | **ORDER** |
| Lonnie Smith, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. On August 3, 2012, Defendant Knight filed a motion for summary judgment. On August 7, 2012, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and warning him of the potential consequences if he failed to respond adequately to the motion. On September 4, 2012, Defendant Smith filed a motion for summary judgment. The Magistrate Judge then issued a second Roseboro order on September 5, 2012, again advising the Plaintiff of his need to respond to the motion. The Plaintiff sought and received an extension of time to respond to both motions, requiring him to respond no later than November 1, 2012. When the Plaintiff failed to respond by November 1, the Magistrate Judge filed an order on November 8, 2012, giving the Plaintiff until November 28, 2012, to respond to the motions. The Magistrate Judge specifically informed the Plaintiff that the action would be dismissed with prejudice for failure to prosecute if he failed to respond. The Plaintiff did not respond.

Therefore, on December 11, 2012, the Magistrate Judge issued a report and

recommendation ("R&R"), outlining the history and recommending that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders. Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within fourteen days after receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the Magistrate Judge's findings and recommendations for clear error. Finding none, the Court agrees with the Magistrate Judge that it appears the Plaintiff no longer wishes to pursue this action. Accordingly, the Court hereby adopts the R&R (Entry 33) as the Order of the Court, and it is

**ORDERED** that this matter is dismissed with prejudice for lack of prosecution and

for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir. 1982). <u>See also</u> <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

January __7__, 2013
Charleston, South Carolina

#3